UNITED STATES of America, Plaintiff,

v.

Arthur Vincent FOGARTY, et
al.; Defendants.

Crim. A. No. 88–40.

United States District Court,
E.D. Kentucky,
Covington Division.

April 26, 1989.

Louis DeFalaise, U.S. Atty., Covington,
Ky., for U.S.

Harry P. Hellings, Jr., Covington, Ky.,
for Fogarty.

Wilbur Zevely, Florence, Ky., for Wich-
man.

Kurt Philipps, Covington, Ky., for Lopez.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

A motion to dismiss on the basis of the
Speedy Trial Act, 18 U.S.C. § 3161, raises
certain questions of first impression in this
Circuit and District. As in most such
cases, it is necessary to set forth a chrono-
logical table of events.

*September 14, 1988.* Indictment re-
turned, charging conspiracy to distribute
cocaine and certain related counts.

*September 23, 1988.* Arraignment and
plea of all three defendants. Apparently,
all parties agree that the Speedy Trial Act
time would have started to run at this
point.

*September 30, 1988.* Fogarty files mo-
tion to declare the Sentencing Reform Act
and accompanying guidelines unconstitu-
tional.

*October 4, 1988.* Defendant Wichman
files similar motion.

*October 11, 1988.* United States (U.S.)
files response to above motions.

*October 11, 1988.* Defendant Lopez files
motion to suppress.

*October 11, 1988.* Defendant Wichman
files motion for additional time to file mo-
tion to suppress.

*October 18, 1988.* U.S. files response to
motion to suppress by Lopez.

*October 18, 1988.* Motion to suppress
filed by defendant Wichman.

*October 25, 1988.* U.S. files response to
motion to suppress filed by defendant
Wichman.

*November 7, 1988.* Evidentiary hearing
on motion to suppress held by Magistrate.
The Magistrate deemed a transcript neces-
sary to decide the motion to suppress,

which was of a complex nature, ordered the court reporter to prepare a transcript of the evidentiary hearing, gave the defendants ten days after the filing of the transcript to file additional memoranda and the U.S. seven days to respond.

*December 13, 1988.* Transcript of evidentiary hearing on motion to suppress filed.

*December 16, 1988.* Defendant Lopez files additional memorandum in support of his motion to suppress.

*December 20, 1988.* Defendant Wichman files similar memorandum.

*December 22, 1988.* Defendant Lopez files similar memorandum.

*January 3, 1989.* Memorandum in opposition to motion to suppress filed by U.S.

*January 5, 1989.* Defendant Wichman files additional response.

*January 10, 1989.* Defendant Lopez files additional response.

*February 24, 1989.* Magistrate files report and recommendation recommending that the motion to suppress be denied and providing for the filing of objections within 10 days.

*March 2, 1989.* Defendant Wichman files objections.

*March 2, 1989.* Defendant Lopez files objections.

*March 2, 1989.* Defendant Lopez files motion to dismiss for violation of the Speedy Trial Act.

*March 3, 1989.* Defendant Wichman files motion to dismiss for violation of the Speedy Trial Act.

*March 7, 1989.* Response to motions to dismiss filed by U.S.

*March 7, 1989.* Response to objections to Magistrate's Report filed by U.S.

*March 15, 1989.* Reply to response to motion to dismiss under Speedy Trial Act filed by defendant Lopez.

During this time, the trial date was continued several times by the court and is now set for May 1, 1989. By separate order, the court has denied the motion to suppress and in this opinion and order the motion to dismiss on the basis of the Speedy Trial Act will also be denied.

## ANALYSIS

It is necessary, as background, to review two definitive decisions by higher courts, interpreting the Speedy Trial Act, before addressing the narrower issue (the effect made by the reference to the Magistrate) before us.

In *United States v. Mentz,* 840 F.2d 315 (6th Cir.1988), the court, per Judge Boggs, reviewed the definitive decision of the Supreme Court of the United States in *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). In *Mentz,* the Court of Appeals, applying the precepts laid down by the Supreme Court, said concerning excludable time resulting from motions which require a *hearing:*

"[The] exclusion of the time prior to the conclusion of the hearing is automatic. *Ibid.* After the hearing, the district court may need additional time to receive supplemental filings from the parties for proper resolution of the motion. This time is also excluded. *Henderson,* 476 U.S. at 331, 106 S.Ct. at 1877. Once the hearing is concluded, and the district court has received all the submissions, there must be 'prompt disposition' of the motion. This is where section 3161(h)(1)(J) comes into play. That provision excludes a maximum of 30 days from the date the motion is 'actually under advisement' by the court."

*United States v. Mentz,* 840 F.2d at 326.

Slightly different principles govern motions that do *not require a hearing.* Concerning these, Judge Boggs stated for the court:

"For motions that do not require a hearing, *Henderson* teaches that the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded. *Henderson,* 476 U.S. at 331, 106 S.Ct. at 1877; *United States v. Felton,* 811 F.2d 190, 195 (3d Cir.) (en banc), *cert. denied,* 483 U.S. 1008, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987). If no additional submissions are

required, or they have been furnished to the court, section 3161(h)(1)(F) requires 'prompt disposition.' Again, section 3161(h)(1)(F) becomes applicable and excludes a maximum of 30 days once the motion is 'actually under advisement.' *Henderson,* 476 U.S. at 329, 106 S.Ct. at 1876; S.Rep. No. 212, 96th Cong., 1st Sess. 34 (1979)."

*United States v. Mentz,* 840 F.2d at 327.

The appellate court, still following the Supreme Court, made clear that a motion is actually under advisement only when the trial court has received "all the papers it reasonably expects." 840 F.2d at 315.

How then is this relatively clear, if somewhat complex, set of rules for interpretation of the Speedy Trial Act to be applied if the motion under consideration has been referred to a Magistrate?

■ There is some slight difference of opinion as to whether the Magistrate should have the full excludable 30 days referred to in the above quotation and the district judge have another full, excludable 30 days. One Circuit has so held. *United States v. Mers,* 701 F.2d 1321 (11th Cir. 1983), followed in *United States v. Mastrangelo,* 733 F.2d 793 (11th Cir.1984). The Seventh Circuit has expressed some doubt that this is a correct interpretation, opining that perhaps the intent of the drafters would be that only one 30–day period divided between the Judge and the Magistrate should be excluded. *United States v. Thomas,* 788 F.2d 1250 (7th Cir. 1986). The Seventh Circuit decision is not a holding squarely to the contrary of the Eleventh Circuit, however, but merely expresses some possible reservations.

This court believes that the analysis of the Eleventh Circuit in *Mers* is irrefutable, and this court will follow it, unless and until a contrary binding decision of a higher court intervenes.

■ All of the above authorities are in agreement that a motion is not "under advisement" by the district judge until the

magistrate has concluded his work, filed his report, and any objections have been received.[1]

■ Therefore, in the case at bar, the motion to suppress was not "actually under advisement" before the undersigned herein until March 7, 1989, when the United States filed its timely response to defendant's objections to the Report and Recommendation of the Magistrate. At that time, since the undersigned deemed no further hearing to be required, a 30 day excludable period for considering the motion would have ensued, at the conclusion of which the time under the Speedy Trial Act would have begun to run again, except that there was an intervening motion that had tolled it.

The motion to dismiss the indictment under the Speedy Trial Act was filed on March 2, 1989, and that motion was not fully briefed until the reply of the United States was filed on March 15, 1989. Then, that motion was "actually under advisement." At that time, the court had another 30 excludable days to consider that motion, which time expired on April 14, 1989, at which point the Speedy Trial Act began to run.

Therefore, it may be seen that, due to the several overlapping motions, the time from the filing of the motions to declare the sentencing guidelines unconstitutional on September 30, 1988 until April 15, 1989 was excludable, unless some of the time the motion to suppress was pending before the Magistrate was for some reason not excludable.

The defendant Lopez points out that the Magistrate took approximately 45 days from the filing of the last memorandum on the motion to suppress until he filed his report and recommendation. The defendant is correct that only 30 days of this may be excludable, and the remaining 15 days is not excludable because a period in excess of 30 days is not a "prompt" disposition of the motion under the statute.

---

1. In *Thomas,* the court speculated that perhaps the 10 days for filing objections would not be excluded if no objections were filed.

The defendant argues in addition that the Magistrate ordered some unnecessary steps, such as the filing of additional memoranda, and that the time for taking these steps should also not be excludable. The court has no hesitation in pointing out that it believes that every step the Magistrate took was reasonably necessary and that it was reasonable to require the additional briefs.

It should be emphasized, however, that *Henderson, supra*, holds that all time taken to get a motion ready for hearing, or to bring it under submission without a hearing is automatically excludable. *See* discussion at 106 S.Ct. 1876–77.

Therefore, it may be seen that, considering the excludable time allowable, as discussed above, ample time remains under the Speedy Trial Act as of the May 1, 1989 trial date and the motion to dismiss must be denied.

IT IS SO ORDERED.